Bartlet, C. J.
The plaintiff sought to recover a quantum ■meruit for his. labor, and a quantum valebant for materials furnished, in building a saw-mill for the defendant *under a special [507 contract, which he had voluntarily abandoned before the completion of the work stipulated for ; and this, without an attempt to .show any waiver or breach of the contract by the other party, to justify such abandonment. It appears that evidence was given tending to prove that some slight variations in the written contract, were made in the plan of the work, which would increase the expense to the plaintiff to some extent. But as this appears *508 to have been agreed to by the plaintiff, it did not altor the contract, in other respects, or absolve him from its obligations. True, it would seem, that evidence was given tending to prove that work was done and materials furnished by plaintiff to an amount of from two hundred and fifty to three hundred dollars, which would inevitably inure to the benefit of the defendant; but no attempt even was made to show that the defendant had accepted it, or, by any other act, assented to any waiver of the obligations of the special contract. Under such circumstances, upon what principle' was the plaintiff entitled to a recovery? Where the employer is necessarily benefited by the work, although the workman has done his work imperfectly, or in a manner differing from the requirements of the contract, or has left it unfinished, it is not always easy to determine the rights and obligations of the parties. And there is much confusion in the reported adjudications, both in England and in this country, touching this subject. The difficulty appears to have arisen in the application of the principles of the law to the complex and circumstantial variety under which contracts-are presented, rather than in ascertaining the true principles. For the purpose of perspicuity the decisions bearing on this subject have been arranged in distinct classes, to wit: those arising on contracts of sale; those arising on contracts for specific jobs of work, such as the erection of buildings, etc.; and those arising 508] on ^ordinary contracts for service. There does not appear, however, to be any well-founded distinction in the principles of the law applicable to these different classes of contract.
The doctrines and distinctions now maintained by the better authorities, according to Mr. Justice Story (see Story on Bailments, sec. 441), are these: “If the special contract still remains open, and is unexecuted by the misconduct or default of the workman, he can not recover anything for his work and labor, and materials employed in part fulfillment of the contract. If the contract has been rescinded by the parties, or the work has not been completed from inevitable accident, and is incapable of being completed, or if the employer has prevented or dispensed with the due execution thereof, the workman is entitled, in the former case, to a compensation pro tanto for the work done, unless there is something in his contract which prevents it; and in the latter ease to a full compensation, on account of the 'default on the other side. If the-work has been done, and fully completed, but not according to the *509 terms of the special contract, as if there has been a deviation from the plan or contract, or a bad and improper execution thereof, or the work has not been completed within the stipulated time, then the workman will be entitled to recover compensation, or not, ac-cording to circumstances. If the work has been so improperly and unskillfully done, that it is of no use, benefit, or value to the •employer, or does not in any manner answer the intended purpose, no compensation whatsoever is recoverable. But if the work, although improperly or unskillfully done, is still of some use, benefit, and value to the employer, the workman will be entitled to recover so much as the work is reasonably worth to the employer, under all the circumstances, making him all due and reasonable deductions and allowances. If the work *has [509 been well and properly done, but not within the stipulated time, the workman will, in like manner, be entitled to the compensation stipulated in the contract, making to the employer all due deductions and allowances for any damage or loss occasioned by the delay.”
In the case of Witherow v. Witherow, 16 Ohio, 238, it was held by the Supreme Court of this state, that the vendor of personal property to be delivered within a specified space of time, and payment to be made therefor on a day certain after the expiration of the time ibr the delivery, having delivered a part of the goods which were received by the other party, but failing to deliver the •entire amount of the’ goods within the time fixed, can not recover in indebitatus assumpsit for the part delivered, without sufficient excuse for the non-delivery of the residue. This was certainly laying down the rigid rule to the utmost extent of strictness; and that must be admitted to be a hard case, and not in full accordance with the weight of the more modern authorities bearing upon this subject. It is not necessary in the case before us, to go so far as this ■case goes. Where the undertaking is to do work and furnish materials under the terms of a special contract, and the work is •abandoned after part performance, and left unfinished by the fault •of the workman, in the absence of all evidence showing the assent •of the employer, or his acceptance of the work part finished, there nan be no recovery pro tanto upon any established principle known to the law. The most familiar principles of the law inculcate the observance of good faith in the fulfillment of contracts; and it is *510, 511 the duty of courts to enforce the performance of contracts, instead of encouraging their violation.

Judgment of the district court affirmed

Swan, Brinkerhorr, Bowen, and Soott, JJ., concurred.